**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    5:26-cv-00005-MWC-AJR                     Date:  January 20, 2026
                                                                                  Page 1 of 3

Title:        Ajay Ajay v. David A. Marin, et al.,

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE TRANSFERRED TO THE EASTERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(A)**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

_Claudia Garcia-Marquez_           _____None_____           __None__
    Deputy Clerk                  Court Reporter/Recorder          Tape No.

ATTORNEYS PRESENT FOR PETITIONER:    ATTORNEYS PRESENT FOR RESPONDENTS:

        None Present                                  None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On January 2, 2026, Ajay Ajay ("Petitioner"), an immigration detainee represented by counsel and being held at the California Corrections Center in California City, California, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). (Dkt. 1.)  The Petition challenges Petitioner's detention without being afforded a bond hearing and alleges that Petitioner is a member of the class certified in Maldonado Bautista v. Santacruz, EDCV 25-1873-SSS-BFM. (Id. at 6.)  On January 16, 2026, Respondents filed a Notice of Lack of Jurisdiction (the "Notice"). (Dkt. 5.)  In the Notice, Respondents point out that the California Corrections Center is located in Kern County, which is located within the geographic boundaries of the Eastern District of California. (Id. at 2); see also 28 U.S.C. § 84(b).  According to the Notice, Petitioner remains housed at the California Corrections Center. (Dkt. 5 at 2.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No.      5:26-cv-00005-MWC-AJR                    Date:  January 20, 2026
                                                        Page 2 of 3

Title:          <u>Ajay Ajay v. David A. Marin, et al.,</u>

"The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."  <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 443 (2004). According to the Petition, Petitioner is currently detained at the California Corrections Center in California City, California.  (Dkt. 1.)  California City is located in Kern County, California, which is located within the jurisdictional boundaries of the Eastern District of California.  <u>See</u> 28 U.S.C. § 84(b).  Accordingly, this Court appears to lack jurisdiction over the Petition.  <u>See, e.g.</u>, <u>Doe v. Garland</u>, 109 F.4th 1188, 1199 (9th Cir. 2024) ("Today we affirm the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees. The district court erred in exercising jurisdiction over Doe's core habeas petition because Doe failed to name his immediate custodian as respondent to his petition and filed the petition outside the district of his confinement.").

Under 28 U.S.C. § 1404(a), a district court has the power to transfer any civil action to another district where the action might have been brought "[f]or the convenience of parties and witnesses [or] in the interest of justice."  In determining whether transfer is appropriate in a particular case, a court must weigh multiple factors:  (1) the petitioner's choice of forum; (2) the parties' contacts with the forum; (3) the contacts in the chosen forum that relate to the petitioner's claims; (4) the costs of litigation in available forums; (5) the availability of compulsory process to compel the attendance of unwilling witnesses; (6) access to evidence; (7) the interest in having localized controversies decided in that forum; (8) the unfairness of imposing jury duty on citizens in an unrelated forum; and (9) the congestion of dockets in the two districts, measured by the median number of months from filing to trial.  <u>See</u> <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498-99 (9th Cir. 2000) (citing <u>Steward Org. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988)).

It appears that the balance of factors favors transfer to the Eastern District of California, the only district that would have jurisdiction over the Petition.  <u>See</u> 28 U.S.C. § 1404(a); 28 U.S.C. §§ 2241(d) ("The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination."); <u>see also</u>

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.      5:26-cv-00005-MWC-AJR                    Date:  January 20, 2026
                                                                          Page 3 of 3

Title:        <u>Ajay Ajay v. David A. Marin, et al.,</u>

28 U.S.C. § 1631 (authorizing courts to transfer venue to cure lack of jurisdiction). Indeed, the Ninth Circuit "has taken a broad view of when transfer is appropriate, recognizing that normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." <u>Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.</u>, 793 F.3d 991, 996 (9th Cir. 2015) (internal quotation marks and brackets omitted).

Accordingly, Petitioner is hereby **ORDERED TO SHOW CAUSE, by February 3, 2026**, why this action should not be transferred to the U.S. District Court for the Eastern District of California.  Petitioner may satisfy this Order by filing a response setting forth any reason why venue should remain in the Central District of California or agreeing that transfer is appropriate.  **Petitioner is warned that failure to timely respond to this Order will result in this Court transferring this action to the Eastern District of California.**

IT IS SO ORDERED.